

ORDERED in the Southern District of Florida on May 7, 2015.

Laurel M. Isicoff, Judge
United States Bankruptcy Court
_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:
POLICARPE DESRAVINES
EMILIA DESRAVINES                           Case No: 15-11419- LMI
                                            Chapter 13

                    Debtor            /

### ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY SUNSET PALM VILLAS CONDOMINIUM ASSOCIATION

THIS CASE came to be heard on May 5, 2015 on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 23; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.  The value of the debtor's real property (the "Real Property") located at

    420 NW 84 Terrace, Miami, FL 33150, and more particularly described as

UNIT 420 Phase III of the Sunset Palm Villas Condominium; with Undivided .00433% interest in The Common Elements of the Association for: That Declaration of Sunset Palm Villas CONDOMINIUM; Recorded in the Official Public Records Book of Miami-Dade County, Florida, Book 19404 at Page 1176
(Legal description)

is $46,390.00 at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of Sunset Palm Villas Condominium Association (the "Association") is $158,987.99.

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Association is $0.00 and Association has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $0.

3. [*Include only if appropriate*: Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded on ___(date)___ at OR BOOK _____ Page _____ of the official records of _____ County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.]

4. (Select only one):

   x__   Association has not filed a proof of claim in this case. The trustee

    shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

    ____    Lender filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ _____, regardless of the original classification in the proof of claim as filed.

5.  The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6.  Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:

_____
/s/ Lissette Labrousse, Esq.
Legal Services of Greater Miami Inc.
Attorney for Debtors, Policarpe E. Desravines and Emilia Desravines
3000 Biscayne Blvd.
Suite 500
Miami, FL 33137
Phone: (305) 438-2463
Email:   llabrousse@lsgmi.org

Attorney Lissette Labrousse is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.